IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEPHEN B. BATTEAS,<br>Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§   Civil Action No. 4:08-CV-589-A<br>§<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Stephen B. Batteas, TDCJ-ID #1280500, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On January 13, 2005, a jury found Batteas guilty of injury to a child causing serious bodily

injury with a deadly weapon in the 396th District Court of Tarrant County, Texas, Case No. 0849718D. (State Habeas R. at 26) On January 14, 2005, the jury assessed his punishment at life imprisonment. (*Id.*) The Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Batteas's petition for discretionary review. *Batteas v. Texas*, No. 2-05-036-CR, slip op. (Tex. App.–Fort Worth Feb.1 6, 2006); *Batteas v. Texas*, PDR No. 266-06. On January 8, 2007, the United States Supreme Court denied his petition for writ of certiorari. *Ramos v. Texas*, No. 06-7432.

Batteas has filed or attempted to file two state habeas applications. He attempted to file his first state habeas application on January 4, 2008, but the Texas Court of Criminal Appeals dismissed the application for noncompliance with the Texas Rules of Appellate Procedure. *Ex parte Batteas*, Application No. WR-69,351-01, at cover; TEX. R. APP. P. 73.1 & 73.2. On April 25, 2008, Batteas successfully filed his second application, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Batteas*, Application No. WR-69,351-02 (referred to herein as "State Habeas R.") Batteas filed the instant petition on September 29, 2008.[1] As ordered, Quarterman has filed a preliminary response with supporting brief and documentary evidence addressing only the issue of limitations, to which Batteas has not timely replied.

## D. ISSUES

In a single ground, Batteas claims double jeopardy prevents the state from relitigating a theory of the case that was waived in his first trial, which resulted in a mistrial. (Petition at 7 & Pet'r Memorandum in Support)

---

[1]*See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

## E. STATUTE OF LIMITATIONS

Quarterman argues that Batteas's federal petition for writ of habeas corpus is barred by the one-year statute of limitations. (*Id.* at 4-6.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because Batteas challenges his 2005 conviction, the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run–*i.e.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. *See*

3

*id.* § 2244(d)(1)(A). The trial court's judgment of conviction became final and the federal limitations began to run upon the conclusion of direct review on January 8, 2007, when the United States Supreme Court denied writ of certiorari, and expired one year later on January 8, 2008, absent any tolling. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

Batteas's first state habeas application was not "properly filed" and did not operate to toll the limitations period under § 2244(d)(2). For purposes of § 2244(d)(2), a state habeas application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000). And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. *Id.* These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. *Id.*; *Villegas v. Johnson,* 184 F.3d 467, 469-470 (5th Cir. 1999). Batteas's first state habeas application was dismissed by the Texas Court of Criminal Appeals for noncompliance with the form requirements of rule 73.1 of the Texas Rules of Appellate Procedure. Thus, it was not properly filed for purposes of § 2244(d)(2) and does not operate to toll the federal limitations period. Nor does Batteas's second state habeas application filed on April 25, 2008, after the limitations period had already expired, operate to toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Furthermore, Batteas is not entitled to tolling as a matter of equity. Equitable tolling of the federal limitations period is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Batteas did not reply to Quarterman's

4

preliminary response with a valid reason(s) for his failure to file his petition in a timely manner, and the record reveals none.

Batteas's petition was due on or before January 8, 2008; his petition filed on September 29, 2008, is therefore untimely.

## II. RECOMMENDATION

Batteas's petition for writ of habeas corpus should be dismissed as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 24, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 24, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 3, 2009.

       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE